IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDYTHE TURNER,                              )
                                           )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )        CIVIL ACTION FILE
                                           )        NO. _____
PRIME CARE ONE, LLC;                       )
SUNRISE SENIOR LIVING SERVICES, INC.       )
D/B/A BRIGHTON GARDENS OF                  )
BUCKHEAD; SUNRISE ASSISTED LIVING          )
MANAGEMENT, INC. D/B/A BRIGHTON            )
GARDENS OF BUCKEHAD; SUNRISE               )
ASSISTED LIVING PARTNERSHIP                )
D/B/A BRIGHTON GARDENS OF BUCKHEAD;)
SUNRISE SENIOR LIVING MANAGEMENT,          )
INC. D/B/A BRIGHTON AND GARDENS OF         )
BUCKHEAD; SUNRISE SENIOR LIVING,           )
INC.; SUNRISE SENIOR LIVING                )
INVESTMENTS, INC.; AND SUNRISE             )
ASSISTED LIVING, INC.,                     )
                                           )
        Defendants.                        )

## PETITION FOR REMOVAL

COME NOW Prime Care One, LLC, Sunrise Senior Living Services, Inc.,

Sunrise Assisted Living Limited Partnership, Sunrise Senior Living Management, Inc.

f/k/a Sunrise Assisted Living Management, Inc., Sunrise Senior Living, Inc. n/k/a

Sunrise Senior Living, LLC, and Sunrise Senior Living Investments, Inc. n/k/a Sunrise

Senior Living Investments, LLC, Defendants in the above-captioned action, and hereby file this their Petition for Removal, pursuant to the provisions of 28 U.S.C. §§ 1441, et seq., and show this Court the following:

1.

The present action was commenced by the Plaintiff in the State Court of Fulton County.  The suit is identified as <u>Edythe Turner v. Prime Care One, LLC, Sunrise Senior Living Services, Inc. d/b/a Brighton Gardens of Buckhead, Sunrise Assisted Living Management, Inc. d/b/a Brighton Gardens of Buckhead, Sunrise Assisted Living Limited Partnership d/b/a Brighton Gardens of Buckhead, Sunrise Senior Living Management, Inc. d/b/a Brighton and Gardens of Buckhead, Sunrise Senior Living, Inc. and Sunrise Senior Living Investments, Inc. and Sunrise Assisted Living, Inc.</u>, Civil Action File No. 13EV018614C.

2.

The Complaint was the initial pleading setting forth the claim for relief upon which this action is based.  (A true and correct copy of the Plaintiff's Complaint is attached hereto as Exhibit "A").   The earliest knowledge and first notice by Defendants, or their agents, of Plaintiffs Complaint was November 15, 2013.

3.

The filing of this Petition for Removal is timely under 28 U.S.C. §1446 (b) in that it has been filed within thirty (30) days of the date of the Defendants first receiving notice of Plaintiff's Complaint.

4.

This action is of a civil nature and relates to the allegation that Plaintiff Edythe Turner, sustained bodily injury, endured pain and suffering, and incurred medical expenses while a resident of the Brighton Gardens of Buckhead assisted living facility. The substance of Plaintiff's Complaint is that Defendants committed negligence by failing to take reasonable precautions and preventive measures to provide for Plaintiff's safety thereby causing Plaintiff to sustain numerous falls and suffer physical injury.

5.

Pursuant to 28 § USC 1332, for the purposes of diversity of citizenship – Plaintiff is a resident of the State of Tennessee.

6.

Plaintiff's Complaint names two proper defendants and the remaining defendants are improper, as they had no involvement with the Brighton Gardens of Buckhead facility that is the subject of Plaintiff's Complaint.

7.

Defendant Sunrise Senior Living Services, Inc. is a non-resident corporation established under the laws of the State of Delaware with principal place of business in the Commonwealth of Virginia.

8.

Defendant Prime Care One, LLC is an Indiana Limited Liability Company whose members are: Prime Care Corporation (an Indiana corporation with its principal place of business in Indiana), Prime Care Revocable Trust (whose sole beneficiary is an Indiana resident), Robert N. Davies Prime Care Trust (whose sole beneficiary is an Indiana resident) and six individuals who reside in the states of California, Florida, Colorado and Indiana.

9.

Prior to the filing of the instant removal, Plaintiff's counsel agreed to dismiss the following improper parties from the instant case: Sunrise Senior Living, Inc., Sunrise Senior Living Investments, Inc., Sunrise Senior Living Management, Inc., Sunrise Assisted Living Management, Inc., Sunrise Assisted Living Limited Partnership, and Sunrise Assisted Living, Inc. (See Exhibit B attached hereto).

10.

Defendant Sunrise Senior Living Investments, Inc. is now known as Sunrise Senior Living Investments, LLC.   Sunrise Senior Living Investments, LLC is a Virginia Limited Liability Company, whose sole member is Brewer Holdco, Inc. Brewer Holdco, Inc. is a Delaware Corporation with its principal place of business in Ohio.

11.

Defendant Sunrise Senior Living Management, Inc., formerly known as Sunrise Assisted Living Management, Inc. (also a named Defendant in this case), is a non-resident corporation established under the laws of the Commonwealth of Virginia with principle places of business in the Commonwealth of Virginia.

12.

Defendant Sunrise Senior Living Assisted Partnership is a Virginia Limited Partnership whose members are Sunrise Senior Living Services, Inc. and Sunrise Senior Living Management, Inc.(citizenship information set forth above).

13.

Defendant Sunrise Senior Living, Inc. is now known as Sunrise Senior Living, LLC.  Sunrise Senior Living, LLC is a Delaware Limited Liability Company whose

sole member is Red Fox Holding Company. Red Fox Holding Company is a Delaware Company with its principal place of business in the Commonwealth of Virginia.

14.

According to the Georgia Secretary of State's website, Sunrise Assisted Living, Inc. is a Georgia corporation with its principal place of business in Georgia though it is now administratively dissolved (see Exhibit C). Defendants assert that this entity may be disregarded for purposes of assessing removal jurisdiction due to the fact that Plaintiff has already agreed to dismiss this entity, that it is no longer an active corporation according to the Georgia Secretary of State website, that this entity was dissolved prior to the date Ms. Turner became a resident at the Brighton Gardens of Buckhead facility and prior to all of the alleged acts contained in the complaint, and that there is no possibility Plaintiff may recover against this improper party to this action as it was in no way involved with the Brighton Gardens of Buckhead facility at issue in this litigation.

15.

Defendants therefore assert that there is complete diversity and jurisdiction in this Court is proper.

16.

All of the Defendants who have been served consent to the removal of this

action. According to the docket information for the State Court of Fulton County, Georgia, Sunrise Assisted Living, Inc. has not yet been served.

17.

This Court has jurisdiction under 28 U.S.C. § 1332 and, therefore, this action is one which may be removed to this Court by the Petitioners/Defendants, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1441(b), in that it is a civil action in which, based on the allegations contained in Plaintiff's complaint that Plaintiff sustained bodily injury, endured pain and suffering, incurred medical expenses, including at least one hospitalization, as a result, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is an action between citizens of different states.

WHEREFORE, Petitioners, Prime Care One, LLC, Sunrise Senior Living Services, Inc., , Sunrise Assisted Living Limited Partnership, Sunrise Senior Living Management, Inc. f/k/a Sunrise Assisted Living Management, Inc., Sunrise Senior Living, Inc. n/k/a Sunrise Senior Living, LLC, and Sunrise Senior Living Investments, Inc. n/k/a Sunrise Senior Living Investments, LLC, Defendants in the action described hereinabove which is currently pending in the State Court of Fulton County, State of Georgia, Civil Action File No. 13EV018614C, pray that this action be removed therefrom to this Court.

Respectfully submitted, this 10th day of December, 2013.

**HAWKINS PARNELL**
**THACKSTON & YOUNG** LLP


_Daniel N. Mills_
David C. Marshall
State Bar No. 471512
Christian J. Lang
State Bar No. 435437
Daniel N. Mills
State Bar No. 144044
***Counsel for Defendants***

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308 - 3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDYTHE TURNER, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| PRIME CARE ONE, LLC; | ) | |
| SUNRISE SENIOR LIVING SERVICES, INC. | ) | |
| D/B/A BRIGHTON GARDENS OF | ) | |
| BUCKHEAD; SUNRISE ASSISTED LIVING | ) | |
| MANAGEMENT, INC. D/B/A BRIGHTON | ) | |
| GARDENS OF BUCKEHAD; SUNRISE | ) | |
| ASSISTED LIVING PARTNERSHIP | ) | |
| D/B/A BRIGHTON GARDENS OF BUCKHEAD; | ) | |
| SUNRISE SENIOR LIVING MANAGEMENT, | ) | |
| INC. D/B/A BRIGHTON AND GARDENS OF | ) | |
| BUCKHEAD; SUNRISE SENIOR LIVING, | ) | |
| INC.; SUNRISE SENIOR LIVING | ) | |
| INVESTMENTS, INC.; AND SUNRISE | ) | |
| ASSISTED LIVING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a true and correct copy of the within

and foregoing **PETITION FOR REMOVAL** to the following counsel and addressed

as follows:

Michael A. Prieto, Esq.
William F. Holbert, Esq.
Daniel J. Prieto, Esq.
Slover, Prieto, Marigliano & Holbert, LLC
Two Ravina Drive
Suite 1330
Atlanta, GA  30346

by depositing same in the United States mail with sufficient postage affixed

thereon.

This 10th day of December, 2013.

**HAWKINS PARNELL**
**THACKSTON & YOUNG** LLP

*Daniel N. Mills*_____
David C. Marshall
State Bar No. 471512
Christian J. Lang
State Bar No. 435437
Daniel N. Mills
State Bar No. 144044
***Counsel for Defendants***

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308 - 3243
Telephone:  (404) 614-7400
Facsimile:  (404) 614-7500

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDYTHE TURNER, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| PRIME CARE ONE, LLC; | ) | |
| SUNRISE SENIOR LIVING SERVICES, INC. | ) | |
| D/B/A BRIGHTON GARDENS OF | ) | |
| BUCKHEAD; SUNRISE ASSISTED LIVING | ) | |
| MANAGEMENT, INC. D/B/A BRIGHTON | ) | |
| GARDENS OF BUCKEHAD; SUNRISE | ) | |
| ASSISTED LIVING PARTNERSHIP | ) | |
| D/B/A BRIGHTON GARDENS OF BUCKHEAD; | ) | |
| SUNRISE SENIOR LIVING MANAGEMENT, | ) | |
| INC. D/B/A BRIGHTON AND GARDENS OF | ) | |
| BUCKHEAD; SUNRISE SENIOR LIVING, | ) | |
| INC.; SUNRISE SENIOR LIVING | ) | |
| INVESTMENTS, INC.; AND SUNRISE | ) | |
| ASSISTED LIVING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## TYPE LIMITATIONS CERTIFICATION

Pursuant to Local Rule 7.1 (d), the undersigned hereby certifies that **PETITION FOR REMOVAL** has been prepared in Times New Roman (14 point), as required by Local Rule 5.1 (b).

This, the 10th day of December, 2013.

> **HAWKINS PARNELL**
> **THACKSTON & YOUNG** <sup>LLP</sup>
>
> _Daniel N. Mills_
> David C. Marshall
> State Bar No. 471512
> Christian J. Lang
> State Bar No. 435437
> Daniel N. Mills
> State Bar No. 144044
> **_Counsel for Defendants_**

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
Telephone:  (404) 614-7400
Facsimile:  (404) 614-7500

11036461v.1

# EXHIBIT A

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| EDYTHE TURNER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION |
| VS. | ) | |
| | ) | File No.: _____ |
| PRIME CARE ONE, LLC; | ) | |
| SUNRISE SENIOR LIVING SERVICES, | ) | |
| INC. D/B/A BRIGHTON GARDENS OF | ) | |
| BUCKHEAD; SUNRISE ASSISTED | ) | |
| LIVING MANAGEMENT, INC. D/B/A | ) | |
| BRIGHTON GARDENS OF | ) | |
| BUCKHEAD; SUNRISE ASSISTED | ) | |
| LIVING LIMITED PARTNERSHIP D/B/A | ) | |
| BRIGHTON GARDENS OF BUCKHEAD; | ) | |
| SUNRISE SENIOR LIVING | ) | |
| MANAGEMENT, INC. D/B/A BRIGHTON | ) | |
| AND GARDENS OF BUCKHEAD; | ) | |
| SUNRISE SENIOR LIVING, INC.; SUNRISE | ) | |
| SENIOR LIVING INVESTMENTS, INC.; | ) | |
| AND SUNRISE ASSISTED LIVING, INC. | ) | |
| | ) | |
| DEFENDANTS, | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Edythe Turner (hereinafter "Plaintiff") and hereby files this her

complaint for damages against Defendants Prime Care One, LLC, Sunrise Senior Living

Services, Inc. D/B/A Brighton Gardens of Buckhead, Sunrise Assisted Living Management, Inc.

D/B/A Brighton Gardens of Buckhead, Sunrise Assisted Living Limited Partnership D/B/A

Brighton Gardens Of Buckhead, Sunrise Senior Living Management, Inc. D/B/A Brighton

Gardens Of Buckhead, Sunrise Senior Living, Inc., Sunrise Senior Living Investments, Inc., and

Sunrise Assisted Living, Inc. (hereinafter "Defendants") showing this Honorable Court as

follows:

1

## PARTIES, JURISDICTION, VENUE, AND SERVICE OF PROCESS

1.

Plaintiff Edythe Turner, is currently a resident of Nashville, Tennessee. At all times mentioned herein, Plaintiff resided in Defendant Brighton Gardens of Buckhead's assisted living facility located at 3088 Lenox Road, Atlanta, Georgia 30324. Plaintiff hereby subjects herself to the jurisdiction of this Honorable Court in this matter.

2.

Defendant Prime Care One, LLC, is a foreign for profit limited liability company formulated under the laws of Indiana with its principal place of business at 10401 North Meridan Street, Suite 122 Indianapolis, Indiana. Defendant Prime Care One, LLC is subject to the jurisdiction of this Court pursuant to Georgia law, including O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, in that it transacted business within the State of Georgia, committed a tortuous act and/or omission within the State of Georgia, and owns, uses or possesses real property within the State of Georgia. At all times material and relevant hereto, Defendant Prime Care One, LLC owned, operated and/or managed Brighton Gardens of Buckhead, an assisted living facility located at 3088 Lenox Road, Atlanta, Fulton County, Georgia 30324. Defendant Prime Care One, LLC, as noted herein, is subject to the jurisdiction of this Court and venue is proper. Defendant Prime Care One, LLC, can be served with Summons and Complaint at it registered agent for service, Corporation Service Company, 40 Technology Parkway South, Suite 300 Norcross, Georgia.

3.

Defendant Prime Care One, LLC has been properly served with the Summons and Complaint in this action.

2

4.

Defendant Sunrise Senior Living Services, Inc., d/b/a Brighton Gardens, is a foreign, for-profit corporation established under the laws of the state of Delaware, with its principal place of business located at 7900 Westpark Drive, Suite T900, McLean, Virginia 22102.   Upon information and belief all members of Sunrise Senior Living Services, Inc., are residents of a state or states other than Georgia.   Defendant Sunrise Senior Living Services, Inc., d/b/a Brighton Gardens of Buckhead transacts business in the state of Georgia and committed tortuous acts or omissions in the State of Georgia.   Further, the property where Plaintiff resided was located in Atlanta, Georgia.   Defendant Sunrise Senior Living Services, Inc. is subject to the jurisdiction of this Court.   Defendant Sunrise Senior Living Services, Inc., may be served by delivering a copy of the Summons and Complaint to its registered agent for service of process in Georgia, CT Corporation System, at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

5.

Defendant Sunrise Senior Living Services, Inc. has been properly served with the Summons and Complaint in this action.

6.

Defendant Sunrise Senior Living Management, Inc., formerly known and doing business as Sunrise Assisted Living Management Inc., entered into a long-term residential contract with Plaintiff Edythe Turner.   Defendant Sunrise Senior Living Management is a subsidiary of Defendant Sunrise Senior Living Services, Inc., d/b/a Brighton Gardens of Buckhead, is a foreign, for-profit corporation established under the laws of the state of Virginia, with its principal place of business in McLean, Virginia.   Upon information and belief, all members of Sunrise Assisted Living Management, Inc., are residents of a state or states other than Georgia.

3

Defendant Sunrise Assisted Living Management, Inc., d/b/a Brighton Gardens of Buckhead entered into a contract with Plaintiff Edythe Turner in the State of Georgia. This Defendant transacts business in the state of Georgia and committed tortuous acts or omissions in the State of Georgia. Defendant Sunrise Senior Living Management is subject to the jurisdiction of this Court. Defendant Sunrise Senior Living Management may be served by delivering a copy of the Summons and Complaint to its registered agent for service of process in Georgia, CT Corporation System, at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

7.

Defendant Sunrise Senior Living Management has been properly served with the Summons and Complaint in this action.

8.

Defendant Sunrise Assisted Living Limited Partnership doing business as Brighton Gardens of Buckhead entered into a contract with Plaintiff Edythe Turner. Defendant Sunrise Assisted Living Limited Partnership is a subsidiary of Defendant Sunrise Senior Living Services, Inc. Defendant Assisted Living Limited Partnership is a foreign, for-profit business entity established under the laws of the state of Virginia with its principal place of business in McLean, Virginia. Upon information and belief, all members of Sunrise Assisted Living Limited Partnership are residents of a state other than Georgia. Defendant Sunrise Assisted Living Limited Partnership transacts business in the state of Georgia as a subsidiary of Sunrise Senior Living Services, Inc. Defendant Sunrise Assisted Living Limited Partnership committed tortuous acts and/or omissions in the state of Georgia, and it is subject to the jurisdiction of this Court. Defendant Sunrise Assisted Living Limited Partnership may be served by delivering a

4

copy of the Summons and Complaint to its registered agent for service of process CT Corporation System, at 4701 Cox Road, Suite 285 Glen Allen, Virginia.

9.

Defendant Sunrise Assisted Living Limited Partnership has been properly served with the Summons and Complaint in this action.

10.

Defendant Sunrise Senior Living Management, Inc. is a Virginia corporation authorized to transact business in the State of Georgia, with its principal offices located at 7900 West Park Drive, Suite 1900, McLean, Virginia, 22102.  Defendant Sunrise Senior Living Management, Inc. may be served through its registered agent for service of process, CT Corporation System, at 1201 Peachtree Street, NE, Atlanta, Georgia   30361.   Defendant Sunrise Senior Living Management, Inc. is subject to the jurisdiction of this Court pursuant to Georgia law, including O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, in that it transacted business within the State of Georgia, committed a tortuous act and/or omission within the State of Georgia, and owns, uses, or possesses real property within the State of Georgia.  At all times material and relevant hereto, Defendant Sunrise Living Management, Inc. owned, operated and/or managed Brighton Gardens of Buckhead, an assisted living facility located at 3088 Lenox Road, Atlanta, Fulton County, Georgia 30324.   Defendant Sunrise Living Management, Inc. is subject to the jurisdiction of this Court and venue is proper.

11.

Defendant Sunrise Senior Living Management, Inc. has been properly served with the Summons and Complaint in this action.

5

12.

Defendant Sunrise Senior Living, Inc. is a Virginia corporation authorized to transact business in the State of Georgia, with its principal offices located at 7900 West Park Drive, McLean, Virginia, 22102. Defendant Sunrise Senior Living, Inc. may be served through its registered agent, CT Corporation, at 4701 Cox Road, Suite 301, Glen Allen, Henrico County, Virginia, 23060-6802. Defendant Sunrise Senior Living, Inc. is subject to the jurisdiction of this Court pursuant to Georgia law, including O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, in that it transacted business within the State of Georgia, committed a tortuous act and/or omission within the State of Georgia, and owns, uses, or possesses real property within the State of Georgia. At all times material and relevant hereto, Defendant Sunrise Senior Living, Inc. owned, operated and/or managed Brighton Gardens of Buckhead, an assisted living facility located at 3088 Lenox Road, Atlanta, Fulton County, Georgia 30324. Defendant Sunrise Senior Living, Inc. is subject to the jurisdiction of this Court and venue is proper.

13.

Defendant Sunrise Senior Living, Inc. has been properly served with the Summons and Complaint in this action.

14.

Defendant Sunrise Senior Living Investments, Inc. is a Virginia corporation authorized to transact business in the State of Georgia, with its principal offices located at 7900 West Park Drive, McLean, Virginia 22101. Defendant Sunrise Senior Living Investments, Inc. may be served through its registered agent, CT Corporation System, at 1201 Peachtree Street, NE, Atlanta, Georgia 30361. Defendant Sunrise Senior Living Investments, Inc. is subject to the jurisdiction of this Court pursuant to Georgia law, including O.C.G.A. § 9-10-91, the Georgia

Long Arm Statute, in that it transacted business within the State of Georgia, committed a tortuous act and/or omission within the State of Georgia, and owns, uses, or possesses real property within the State of Georgia.  At all times material and relevant hereto, Defendant Sunrise Senior Living Investments, Inc. owned, operated and/or managed Brighton Gardens of Buckhead, an assisted living facility located at 3088 Lenox Road, Atlanta, Fulton County, Georgia 30324.  Defendant Sunrise Senior Living Investments, Inc. is subject to the jurisdiction of this Court and venue is proper.

15.

Defendant Sunrise Senior Living Investments, Inc. has been properly served with the Summons and Complaint in this action.

16.

Defendant Sunrise Assisted Living, Inc. is a Georgia corporation authorized to transact business within this State, with offices located at 3658 Mecklinburg Place, Decatur, DeKalb County, Georgia 30032.  Defendant Sunrise Assisted Living, Inc. may be served through its registered agent, Zenobia Bomani Hasan, at 3658 Mecklinburg Place, Decatur, DeKalb County, Georgia 30032.  At all times material and relevant hereto, Defendant Sunrise Assisted Living, Inc. owned, operated, and/or managed Brighton Gardens of Buckhead an assisted living facility located at 3088 Lenox Road, Atlanta, Fulton County, Georgia 30324.  Defendant Sunrise Assisted Living, Inc. is subject to the jurisdiction of this Court and venue is proper.

17.

Defendant Sunrise Assisted Living, Inc. has been properly served with the Summons and Complaint in this action.

7

18.

This Court has jurisdiction over all parties, pursuant to Georgia law, including O.C.G.A. § 9-10-91 (Georgia Long Arm Statute), and over all issues in this matter upon service of process. Venue is proper in this Court pursuant to Georgia law, including Article 6, Section 2, Paragraph 6 of the Georgia Constitution and O.C.G.A. §§ 9-10-93 and 14-2-510.

**FACTS**

19.

On October 11, 2010, Plaintiff entered into a contract for services with Defendants whereby she became a resident of Defendants' assisted living facility in Fulton County, Georgia commonly known as Brighton Gardens of Buckhead and being located at 3088 Lenox Road, Northeast, Atlanta, Georgia 30324.

20.

At the time that Plaintiff entered into the contractual agreement with Defendants, it was represented by Defendants that the Defendants' facility, doing business as Brighton Gardens of Buckhead, was an assisted living facility where Mrs. Turner would be provided with long-term care.

21.

Plaintiff's medical records from Defendants' facility, Brighton Gardens of Buckhead, demonstrate that Plaintiff suffered at least twelve (12) falls while a resident at Defendants' assisted living facility.

22.

Plaintiff's medical records from Defendants' facility, Brighton Gardens of Buckhead, demonstrate that Plaintiff was found to have fallen at the Defendants' facility on or about the

following dates: January 28, 2011; February 6, 2011; March 15, 2011; April 21, 2011; May 5, 2011; May 20, 2011; July 3, 2011; September 13, 2011; September 18, 2011; October 10, 2011; November 24, 2011; and January 19, 2012.

23.

On November 14, 2011, Mrs. Turner was scheduled to receive a hemodialysis treatment at Fresenius Medical Care, Central Atlanta, located at 22 Executive Park West, NE, Atlanta, Georgia 30329 (hereinafter "Fresenius"). Plaintiff was provided transportation by Defendants to attend her dialysis appointment in a van provided by Defendants. Mrs. Turner was loaded into the van while seated in a wheelchair by an employee of Defendants. Defendants' employee failed to properly secure and restrain the wheelchair to the van. Defendants' employee failed to ensure that Mrs. Turner was properly restrained by safety belts and harness in the van.

24.

On November 14, 2011, the van was driven by an employee of Defendants. The van was driven in such a careless, negligent, and erratic manner that Mrs. Turner's wheelchair flipped over during the trip from Brighton Gardens of Buckhead to the dialysis center. As a direct and proximate result of the Defendants' driver's negligence and erratic driving, Plaintiff was severely injured when she fell to the floor of the van, and she struck her head.

25.

Plaintiff suffered injuries to her body, head, neck, right hand, and was frightened and distressed by the incident.

26.

While Plaintiff was laying on the floor of the van, the driver, Defendants' employee, came to the area where she was lying in the van, sneered at her and refused to aid or assist her in

up righting her wheelchair.  Defendants' driver further failed and refused to help Plaintiff back into her wheelchair and to secure Plaintiff back into her seat.  As a result, other elderly residents of Defendants' facility, Brighton Gardens of Buckhead, assisted Plaintiff off of the floor of the van, righted her wheelchair, and placed Plaintiff back into her wheelchair.

27.

Following this fall, Defendants' driver refused and/or failed to seek emergency medical attention for Mrs. Turner.  Instead, Defendants' driver continued to proceed to the dialysis center and failed to alert the staff at the dialysis facility that Mrs. Turner had been injured during transport to their facility.  Because of this refusal or failure by Defendants' employee to notify the staff of the dialysis center of Mrs. Turner's fall, Mrs. Turner received hemodialysis at Fresenius, where by the medications that were used placed Mrs. Turner at a great risk for injuries and complications.

28.

Further, Defendants' failed or refused to contact or notify Mrs. Turner's family, who were listed with them as Mrs. Turner's legal representatives, of the fall or injuries suffered in the van while being transported to the dialysis center.

29.

Following the receipt of hemodialysis treatment, Mrs. Turner was then transported directly back to Defendant Brighton Gardens.  Medical personnel from the dialysis center contacted Defendant Brighton Gardens and advised Defendants that Mrs. Turner should be taken to the hospital for treatment related to the fall in the van.  By the time Defendants obtained medical care for Mrs. Turner at piedmont Hospital, her speech was slurred, and she was

experiencing a transient ischemic attack.  Plaintiff was terrified for her health and safety because of the actions and inactions of Defendants and their employees.

30.

At all times, the employee/employees of the Defendants who loaded Mrs. Turner into the van, negligently attempted to secure her wheelchair to the van, negligently attempted to secure Mrs. Turner with safety devices, and drove the van was acting within the course and scope of his/her/their employment with Defendants at all times.

31.

At Piedmont Hospital, Mrs. Turner presented with onset facial droop, worsening mental status, new right side weakness, acute pain in the right side of her head, diminished mobility in her lower extremities.  X-rays showed proximal phalanx fracture and questionable non-displaced cervical fracture.  Plaintiff further complained of nausea, neck pain, pain in the right side of her head, and dizziness.

32.

Following her discharge from the hospital, Mrs. Turner's family, who are her legal representatives, contacted Marni Kubit, the executive administrator of Defendant Brighton Gardens of Buckhead, and asked for an explanation for their mother's injuries.  However, Ms. Kubit was evasive, failed to fully explain the incident, and would not discuss any steps taken to prevent further similar incidents with the transportation of Mrs. Turner to/from dialysis in Defendants' van.  Further, Ms. Kubit refused to meet with Mrs. Turner's family.

33.

At Piedmont Hospital, Mrs. Turner was noted to present with decreased strength and functional mobility.  She was further noted to be non-ambulatory and that she would need 24

11

hour assistance at discharge. Mrs. Turner was discharged from Piedmont Hospital on November 16, 2013 and returned to Brighton Gardens of Buckhead.

34.

Plaintiff suffered additional falls and injuries once she returned to Defendants' assisted living facility, Brighton Gardens of Buckhead.

35.

Mrs. Turner continued to reside at Defendant Brighton Gardens of Buckhead until her discharge.

36.

As a result of the Defendants' actions and inactions in this matter, Plaintiff endured physical, emotional and mental pain and suffering, past and future medical bills, permanent injuries and disfigurement.

## COUNT I –

## PROFESSIONAL NEGLIGENCE
## (SUNRISE DEFENDANTS)

37.

Plaintiffs incorporate herein paragraphs 1 through 36 above as thought set forth fully verbatim.

38.

The nurses and nurses' aides working at Brighton Gardens of Buckhead, owed a duty to Edythe Turner to comply with the standard of care and skill exercised by nurses generally under similar conditions and like surrounding circumstances as those presented by Mrs. Turner while a resident. The Sunrise Defendants, including the nurses and employees employed by them, violated the standard of care and skill exercised by nurses generally under similar conditions and

like surrounding circumstances such as those presented by Mrs. Turner while a resident. The Sunrise Defendants, including the nurses and employees employed by them, violated the standard of care and skill exercised by nurses generally under similar conditions and like surrounding circumstances such as those presented by Mr. Stewart in the following particulars:

(a) When it became clear due to Mrs. Turner's frailty, functional decline and advancing disease process that she was no longer a proper candidate for assisted living, the facility should not have retained her as a resident;

(b) The nurses did not properly intervene to preserve the resident's state of health when she appeared to be in jeopardy, in light of the increased level of care necessary for Mrs. Turner's wellbeing;

(c) The staff failed to provide sufficient routine care and services to maintain Mrs. Turner's highest level of functioning, providing her with appropriate assistance for her activities of daily living and ensuring that any decline in functioning was identified and reported to the physician for timely intervention;

(d) The staff failed to adequately and sufficiently assess and document the status of Mrs. Turner's numerous falls. This included failure to notify the physician as well as maintaining accurate monitoring tools to demonstrate what, if any treatment was being provided to injuries suffered in said falls;

(e) The staff failed to adequately and sufficiently assess and document her functional abilities, including her ability to ambulate and perform range of motion exercises;

(f) The staff failed to implement adequate precautions and control to prevent the continually noted falls so as to ensure Mrs. Turner did not suffer adverse consequences from the falls.

(g)    The Defendants failed to ensure that the nurses and non-nursing staff were properly trained and supervised to provide the necessary treatment and services to its residents like Mrs. Turner.

39.

As a direct and proximate result of the above violations of the standard of care committed by the Sunrise Defendants, by and through their employees, Edythe. Turner suffered excruciating physical and mental pain and suffering as well as medical expenses, and she will continue to suffer future pain and medical expense.

40.

Pursuant to the requirements of OCGA §9-11-9.1, the Plaintiff has attached hereto the affidavit of Suzette G. Cornelio, RN, BSN, who is a Registered Nurse duly licensed to practice nursing by the State of New Jersey.  Nurse Cornelio has prepared an affidavit which sets forth acts and omissions of the Defendant related to the care, treatment and services provided to Edythe Turner which proximately caused her injuries, pain and suffering, and which illustrate Defendants' failure to provide the degree of care and skill required of these Defendants in their professions, as set out below.  The Plaintiff hereby incorporates by this reference the entire contents of Nurse Cornelio's affidavit and CV.

41.

Pursuant to her education, training and experience, Nurse Cornelio is familiar with development and implementation of resident assessments and care plans addressing the residents' needs for medical and nursing care, treatment and services, and addressing the resident's needs with respect to the activities of daily living.

14

42.

Nurse Cornelio's experience includes the development and implementation of resident assessments and care plans for addressing the resident's risks of falls and fall related injuries.

43.

Nurse Cornelio is trained to fully and accurately report the resident's medical condition to her treating physician under circumstances in which it is necessary that she do so.

44.

Nurse Cornelio is fully familiar with the proper measures for avoiding resident falls and fall related injuries.

45.

Nurse Cornelio is fully competent to testify about the matters referenced in Plaintiff's Complaint.

46.

The standard of care for long term patient care facilities requires that nursing staff follow physician's orders, resident assessments and care plans, and general nursing standards of practice to reduce the risks of falls and fall related injuries.

47.

The Defendant's staff breached the standard of care required of long-term care facility nursing staff when they consistently allowed Mrs. Turner to fall and be injured in the following acts and omissions:

a) Consistent failure to conduct fall risk assessments,

b) Consistent failure to fall care plan interventions,

c) Consistent failure to prevent falls,

15

d) Failure to seek immediate medical attention following Mrs. Turner's falls and injuries.

e) When it became clear due to Mrs. Turner's frailty, functional decline and advancing disease process that she was no longer a proper candidate for assisted living, the facility should not have retained her as a resident;

f) The nurses did not properly intervene to preserve the resident's state of health when she appeared to be in jeopardy, in light of the increased level of care necessary for Mrs. Turner's wellbeing;

g) The staff failed to provide sufficient routine care and services to maintain Mrs. Turner's highest level of functioning, providing her with appropriate assistance for her activities of daily living and ensuring that any decline in functioning was identified and reported to the physician for timely intervention;

h) The staff failed to adequately and sufficiently assess and document the status of Mrs. Turner's numerous falls.  This included failure to notify the physician as well as maintaining accurate monitoring tools to demonstrate what, if any treatment was being provided to injuries suffered in said falls;

i) The staff failed to adequately and sufficiently assess and document her functional abilities, including her ability to ambulate and perform range of motion exercises;

j) The staff failed to implement adequate precautions and control to prevent the continually noted falls so as to ensure Mrs. Turner did not suffer adverse consequences from the falls.

k) The Defendants failed to ensure that the nurses and non-nursing staff were properly trained and supervised to provide the necessary treatment and services to its residents like Mrs. Turner.

48.

As a direct and proximate result of the Defendant's acts and omissions which breached the standards of care required of long-term care facility nursing staff, EDYTHE TURNER sustained pain suffering and permanent disability.

49.

All of the Defendant's staff's acts and omissions described above constitute professional negligence as a result of which the Plaintiffs are entitled to recover from the Defendants.

50.

Pursuant to her education, training and experience, Nurse Cornelio is familiar with development and implementation of resident assessments and care plans addressing the residents' needs for medical and nursing care, treatment and services, and this includes proper assessment and care planning related to patients who are at risk for falls, the provision of activities of daily living, the prevention of neglect and abuse, and generally accepted standards of care for residents in long term care facilities.

51.

Based upon the foregoing and the attached Affidavit, Nurse Cornelio is fully competent to testify about the matters set forth herein.

17

52.

The standard of care for nurses in the long-term care setting requires that the nursing staff conduct proper assessments and to develop and implement proper care plans to address the needs of residents who are at risk for sustaining falls, fall related injuries and neglect in the facility.

53.

The standard of care for nurses in the long-term care setting requires that the nursing staff provide adequate supervision and assistance to residents to avoid falls, fall related injuries and neglect.  Such measures include proper assessment, development and implementation of care plans, and assistance with activities of daily living.

54.

Accordingly the Sunrise Defendants are liable to Plaintiff Edythe Turner for her excruciating physical and mental pain and suffering and medical expenses.

## COUNT II –

## ORDINARY/SIMPLE NEGLIGENCE

55.

Plaintiffs incorporate paragraphs 1 through 40 above as thought set forth fully verbatim.

56.

The Sunrise Defendants, including the nurses, nursing assistants and other agents and employees employed by them, had a duty to exercise ordinary and reasonable care in providing services to Edythe Turner including the following:   observing, documenting and reporting abnormal findings to nurses and physicians; providing Mrs. Turner with a safe environment; and, keeping Mrs. Turner safe.

57.

The Sunrise Defendants failed to exercise ordinary and reasonable care in providing these services as outlined herein to Mrs. Turner, in that they failed to provide a safe environment to Mrs. Turner, and improperly retained her as a resident.

58.

The ordinary and simple negligence of the Sunrise Defendants caused and contributed to Mrs. Turner's injuries, pain and suffering, and damages.

59.

Plaintiff Edythe Turner is entitled to recover for her special and general damages, including her pain and suffering and medical expenses incurred as a result of the ordinary negligence of the Sunrise Defendants.

## COUNT III –

## FAILURE TO PROVIDE SUFFICIENT AND PROPER STAFFING

60.

Plaintiffs incorporate herein by reference paragraphs 1 through 45 above as if fully set forth herein.

61.

The Sunrise Defendants had a duty to exercise ordinary and reasonable care in providing sufficient staffing at Brighton Gardens of Buckhead.

62.

Brighton Gardens of Buckhead was chronically understaffed, which put patients at the facility at risk and in danger.

63.

The Sunrise Defendants breached its duty to exercise reasonable and ordinary care in providing sufficient and quality staffing at Brighton Gardens of Buckhead.

64.

The Sunrise Defendants failed to provide sufficient staffing at Brighton Gardens of Buckhead and caused the facility to be chronically understaffed. Defendants' acts and omissions caused the injuries to Edythe Turner.

65.

As a further result of The Sunrise Defendants' failure to provide sufficient staff at Brighton Gardens of Buckhead, Plaintiff Edythe Turner is entitled to recover damages for the pain and suffering, past and future medical expenses incurred in connection with the injuries to Edythe Turner.

**COUNT IV –**

**STATUTORY REMEDIES AGAINST DEFENDANT BRIGHTON GARDENS OF BUCKHEADFOR VIOLATION OF FEDERAL AND STATE STATUTES AND REGULATIONS IN THE OPERATION OF A PERSONAL CARE HOME**

66.

Plaintiffs hereby incorporate the allegations contained in all previous Paragraphs of this Complaint.

67.

Defendant Brighton Gardens of Buckhead is a "personal care home" as that term is defined under O.C.G.A. § 31-7-12.

68.

Personal care homes in Georgia must be licensed by the DHR and are required to comply with all applicable state and federal laws governing the administration of long term care facilities, including but not limited to the Bill of Rights for Long Term Care Facilities and its rules and regulations.

69.

Pursuant to OCGA §31-8-133, residents of personal care homes in Georgia have been granted certain rights which are enumerated in the regulations promulgated by the Georgia Department of Human Resources at GA ADC 111-8-62-.01 et seq.

70.

Among the regulations promulgated by the Georgia Department of Human Resources for the operation of personal care homes is GA ADC 111-8-62-.08 and 111-8-62-.18, which provides that each resident of a personal care home must receive care and services which shall be adequate, appropriate and *in compliance with applicable federal and state law and regulations.*

71.

The State of Georgia has promulgated the *Bill of Rights for Residents of Long-term Care Facilities* at O.C.G.A. §31-8-100 et seq., which sets out requirements for those providing care, treatment and services to residents of long-term care facilities in this state, including personal care homes.

72.

Defendants' conduct which is described in great detail above constitutes numerous individual violations of the *Georgia Bill of Rights for Residents of Long Term Care Facilities* at O.C.G.A. §31-8-100 et seq., the regulations of the Georgia Department of Human Resources at

21

GA ADC § 111-8-62-.01 et seq. and the regulations of the U.S. Department of Health and Human Services at 42 CFR § 483.1 et seq.

73.

Pursuant to O.C.G.A. § 31-8-136(a), where a violation of a resident's rights has been found the resident shall be awarded the actual damages or $1,000.00, whichever is greater. The Plaintiffs are entitled to an award of damages in the amount of $1,000.00 for each of the Defendant Pat's Personal Care's violations of the *Georgia Bill of Rights for Residents of Long Term Care Facilities* at O.C.G.A. §31-8-100 et seq., the regulations of the Georgia Department of Human Resources at GA ADC § 111-8-26-.01 et seq. and the regulations of the U.S. Department of Health and Human Services at 42 CFR § 483.1 et seq. as listed above.

74.

As permitted under O.C.G.A. § 31-8-136(c), the Plaintiffs assert their cause of action in this Complaint in addition to all other rights, remedies, and causes of action stated in this complaint.

75.

42 CFR § 483.75 requires that personal care homes be administered in such a way as to use its resources effectively and efficiently to maintain the highest practicable physical, mental and psychological well-being of each resident.

76.

Defendant Brighton Gardens of Buckhead violated 42 CFR § 483.75 by failing to maintain the highest practicable physical, mental and psychological well-being of Edythe Turner.

22

77.

42 CFR § 483.75(b) requires personal care homes to operate and provide services in compliance with law and acceptable professional standards and principles that apply to professionals providing said services.

78.

Defendant Brighton Gardens of Buckhead violated 42 CFR § 483.75(b) by failing to operate and provide services to Edythe Turner in compliance with law and acceptable professional standards and principles that apply to professionals providing said services.

79.

Defendant Brighton Gardens of Buckhead is liable to Edythe Turner for all damages recoverable, including but not limited to pain and suffering, medical expenses, and funeral expenses.

80.

Defendant Brighton Gardens of Buckhead is liable to Edythe Turner for all damages recoverable.

## COUNT V -

### LIABILITY OF DEFENDANTS BRIGHTON GARDENS OF BUCKHEAD UNDER OCGA §51-1-6 BASED UPON VIOLATION OF THE *GEORGIA BILL OF RIGHTS FOR RESIDENTS OF LONG TERM CARE FACILITIES* CODIFIED AT O.C.G.A. § 31-8-100 ET SEQ. AND THE REGULATIONS OF THE GEORGIA DEPARTMENT OF HUMAN RESOURCES CODIFIED AT GA ADC § 111-8-62-.01 SEQ.

81.

Plaintiffs hereby incorporate the allegations contained in all previous Paragraphs of this Complaint.

82.

As noted above, The State of Georgia has promulgated the *Bill of Rights for Residents of Long-term Care Facilities* at O.C.G.A. §31-8-100 et seq., which sets out requirements for those providing care, treatment and services to residents of long-term care facilities in this state, including personal care homes.

83.

Pursuant to O.C.G.A. § 31-8-133, residents of personal care homes in Georgia have been granted certain rights which are enumerated in the regulations promulgated by the Georgia Department of Human Resources codified at GA ADC § 111-8-62-.01 et seq. and at GA ADC § 111-8-62-.26 et seq.

84.

Specifically, among other violations, Defendants:

(a) Failed to appropriately monitor and assess Edythe Turner;

(b) Failed to recognize that Edythe Turner was no longer suitable to remain in a personal care home; and,

(d) Failed to remove a resident who required a level of care which Defendant Brighton Gardens of Buckhead was not able to provide.

85.

Defendants actions and inactions described above constitute many individual violations of the *Georgia Bill of Rights for Residents of Long Term Care Facilities* at O.C.G.A. § 31-8-100 et seq. and the regulations of the Georgia Department of Human Resources codified at GA ADC § 111-8-26-.26 et seq. as set out above.

24

86.

Defendants failed to meet all of the above-referenced obligations and requirements.

87.

Defendants violations of the *Georgia Bill of Rights for Residents of Long Term Care Facilities* and the regulations of the Georgia Department of Human Resources set out above give rise to liability pursuant to the language of O.C.G.A. §51-1-6 and constitute deviations from the standard of care.

88.

Defendants' violations of the state law and regulations cited above, to a reasonable degree of medical probability and certainty, proximately resulted in injuries to Edythe Turner. Accordingly, the Plaintiffs are entitled to an award of damages pursuant to O.C.G.A. §51-1-6.

89.

Defendants are liable to Edythe Turner for all damages recoverable, including but not limited to pain and suffering, past and future medical expenses.

## COUNT VI –

## Punitive Damages

Plaintiffs incorporate herein by reference paragraphs above as though set forth fully verbatim.

90.

The acts and omissions of the Defendants demonstrate fraud, intentional misconduct, willful and wanton misconduct, oppression, malice and a conscious indifference to the consequences, including the safety, health and welfare of Edythe Turner.

25

91.

The acts and omissions of the Defendants were accompanied by aggravating circumstances.

92.

Accordingly, Defendants are liable for punitive damages to Plaintiff.

93.

Punitive damages should be awarded to Plaintiff and against the Defendants to deter Defendants from repeated misconduct as set forth in this Complaint.

WHEREFORE, Plaintiff prays for the following relief:

a) That service of process be issued as to all Defendants;

b) That Plaintiff be give a trial by jury in this matter;

c) That Plaintiff recover a judgment against the Defendants in an amount in excess of Ten Thousand Dollars as shown by the evidence at the trial of this case for Plaintiff's special damages, including but not limited to medical expenses;

d) That Plaintiff recover a judgment against the Defendants in an amount in excess of Ten Thousand Dollars and as shown by the evidence at the trial of this case for the Plaintiff's general damages, including but not limited to her pain and suffering;

e) That the Plaintiff recover punitive damages from the Defendants;

f) That the Court and jury grant such other and further relief as they may be deem just and proper.

*(Signature follows on the next page)*

26

This $\cancel{13}$ day of November, 2013.

SLOVER, PRIETO, MARIGLIANO
& HOLBERT, LLC

Michael A. Prieto
Georgia Bar No.:  587236
William F. Holbert
Georgia Bar. No.: 360088
Daniel J. Prieto
Georgia Bar No.:  118510
*Attorneys for Plaintiff*

Two Ravinia Drive
Suite 1330
Atlanta, Georgia 30346
O: 404-856-0040
F:  404-856-0066
www.spmhlaw.com

27

STATE OF NEW JERSEY

PASSAIC COUNTY

**<u>AFFIDAVIT OF SUZETTE CORNELIO, R.N., B.S.N., WCC</u>**

Personally appeared before the undersigned officer, duly authorized by law to administer

oaths, Suzette Cornelio, R.N., B.S.N., WCC who, having first been duly sworn, deposes and says

under oath the following:

1.

I am Suzette Cornelio, R.N., B.S.N., WCC an adult over the age of eighteen (18) and

otherwise competent to give this Affidavit. This Affidavit is based upon my personal

knowledge, facts to which I am competent to testify, and education, training and experience.

2.

I am a registered nurse specializing in long-term care. I am licensed to practice nursing

in the State of New Jersey. I graduated with a Bachelors of Science in Nursing (B.S.N.) in 1980

from Riverside College in Bacalod City, Philippines. I am a member of the New Jersey National

Director of Nursing Association and have been a member since 2004. I have taught and

educated staff concerning various geriatric nursing subjects in long-term care settings, including

accident and fall prevention at assisted living facilities for at least the past 20 years.

3.

From 1990 through the present, I have been employed at a number of long-term care

facilities in New Jersey as a nurse, an Associate Director of Nursing or a Director of Nursing.

Since September 2007 through the present, I have been the Director of Nursing at The Health

Center at Bloomingdale, a long-term care facility in Bloomingdale, New Jersey. As part of my

duties at The Health Center at Bloomingdale and other long-term care facilities in which I have

1

worked since 1990, I have created revised and overseen fall and accident prevention programs and many Fall Care Plans for individual patients, in addition to providing general nursing care and treatment. From June through September 2007, I was the Assistant Director of Nursing-Staff Development at West Caldwell Care Center, a long-term care facility in West Caldwell, New Jersey. From March 2007 through May 2007, I was the Director of Nursing at The Allendale Nursing Home in Allendale, New Jersey. From May 2006 through March 2007, I was the Director of Nursing at the Chateau Rochelle Park, a long-term care facility in Rochelle Park, New Jersey. From August 2005 through May 2006, I was the Quality Care Coordinator at Cedar Crest Renaissance Gardens in Pompton Plains, New Jersey. As part of my duties as a Quality Care Coordinator, I supervised nurses and other staff in the implementation of accident and fall-reduction policies and procedures. From November 2003 through August 2005, I was the Director of Nursing at Lakeland Health Care Center, a long-term care facility in Haskell, New Jersey. The list of my long-term care positions is included in my attached CV, (Exhibit "A"), which is a true and accurate copy and is fully incorporated herein by reference.

4.

From 1990 through the present, I have been in the practice of nursing continuously, specializing in the field of long-term care. I have regularly seen, treated, participated in planning for, and followed long-term care residents for at least 20 years, including but not limited to the five years prior to Mrs. Edythe Turner's stay at Brighton Gardens of Buckhead in 2011 and 2012. My experience includes, but is not limited to, daily nursing assessment and monitoring of patients and the creation, revision and oversight of accident prevention measures, fall prevention measures and Fall Care Plans.

5.

2

Throughout my education, training, and experience, I have been a nurse, Assistant Director of Nursing, and Director of Nursing at skilled nursing and/or long-term care facilities. I have also supervised nurses and other professional as well as nonprofessional healthcare staff employed by and/or agents of skilled nursing and/or long-term care facilities regarding clinical areas of nursing such as daily nursing assessment, monitoring of patients, and accident prevention. I have also been employed by skilled nursing care facilities and/or long-term care facilities and provided day-to-day nursing care and other medical care and treatment to residents like Mrs. Edythe Turner for at least the last 20 years.

6.

I have extensive experience providing day-to-day nursing care and other medical care and treatment, including, but not limited to accident care planning, fall care planning/prevention, to residents like Mrs. Edythe Turner. I have such experience as a result of having evaluated and treated such individuals for more than 20 years and as a result of having supervised others in evaluation and treatment of such patients for the last 20 years. I would estimate that I have evaluated and treated approximately 120 such patients per year, continuously for more than the last 20 years.

7.

Based upon my education, training and experience, I am familiar with, have personal knowledge of, am qualified to testify with regards to the applicable standard of medical care exercised by nurses, and other various health care provider personnel ( professional and non-professional staff), including but not limited to, R.N's, L.P.N.'s, and C.N.A.'s generally, in the evaluation, care, treatment, including, but not limited to accident prevention, fall care planning and prevention, of residents such as Mrs. Edythe Turner presenting to long-term care facilities.

8.

3

At the time of the negligent acts and omissions discussed herein, I was continuously practicing nursing in the State of New Jersey and was licensed by the Medical Board of the State of New Jersey. (Exhibit "A", is a true and accurate copy of my curriculum vitae, which is incorporated herein by reference.)

9.

This Affidavit is also based upon the facts and information shown within the records from the following assisted living facility, hospital and medical care providers which I have reviewed:

(a) the records of Mrs. Edythe Turner from Brighton Gardens of Buckhead; and

(b) the medical records from Piedmont Hospital;

10.

Each and every opinion expressed herein is made to a reasonable degree of nursing/medical certainty.

11.

Based upon my review of the above-referenced records, I have found the following facts to have occurred, and they are the basis upon which my opinions are founded.

(a) Mrs. Edythe Turner was a resident of Brighton Gardens of Buckhead, a personal care home/assisted living facility from October 2010 through April 2012;

(b) On November 14, 2011, Mrs. Edythe Turner was transported by Brighton Gardens to hemodialysis in a van;

(c) During the transport, Mrs. Edythe Turner fell from her wheelchair, struck her head on the side of the van and sustained injuries to her head and other parts of her body;

(d) On November 14, 2011, Mrs. Edythe Turner was taken to Piedmont Hospital due to injuries sustained in the van accident;

4

(e) Mrs. Edythe Turner related the incidents that occurred while she was traveling on the van on November 14, 2011 and complained of head and shoulder injuries;  It was at the time of her admission that she was experiencing right sided head pain, right shoulder pain, slurred speech, a right facial droop and right finger fracture;

(f) Mrs. Edythe Turner was admitted to Piedmont Hospital and it was determined that  a possible transient ischemic attack occurred due to her falling from the wheelchair while being transported to hemodialysis;

(g)  It was noted that Mrs. Edythe Turner had diminished mobility in her lower extremities and that she was unable to ambulate.

(h) Progress notes in Mrs. Edythe Turner's file from Brighton Gardens note several falls both before and after November 14, 2011;

(i) Falls note injury to her right face and right hand after November 14, 2011;

(j) January 22, 2012 note stating that the resident was observed on the bathroom floor on 1/19/12 and CM reported redness to right cheek. **No entry noted in Daily log.**

(k) A note dated January 25, 2012, notes an open area wound on her right upper thigh;

(l) An x-ray dated January 24, 2012 states that Mrs. Turner had an acute fracture of her right hand of her right proximal phalanx;

(m) Mrs. Edythe Turner's service evaluation and self-care assessments did not document safety measures to  minimize risk of an accident to Mrs. Edythe Turner while transporting her in her wheelchair or in preventing future falls;

12.

Based on the information received to date and based upon my background,

training experience, education and expertise described above, and knowledge of the standard of care required by nurse, noted above, who were working at or for Brighton Gardens of Buckhead in 2011 and 2012, it is my opinion that the nurses associated with/employed by Brighton Gardens of Buckhead and/or parent company Sunrise Senior Living Services, Inc., deviated from the accepted standard of care and were negligent in the following manners:

(a) Failing to have an appropriate plan in place for Mrs. Edythe Turner regarding Precautions and safety to be taken when transporting her and other residents to medical appointments;

(b) Failing to adequately assess and plan for adequate safety precautions to prevent falls and injuries to Mrs. Edythe Turner as a resident of Brighton Gardens of Buckhead;

(c) Failing to properly train and implement plans for adequate medical care when a resident is injured;

(d) Failing to adequately monitor and implement interventions to prevent Mrs. Edythe Turner from sustaining several falls before and after November 14, 2011;

(e) Failing to assess whether Mrs. Edythe Turner should have continued to remain at an assisted living facility instead of being referred to or transferred to a skilled nursing facility given her limited mobility and difficulty in ambulation;

(f) Failing to implement new interventions/approaches everytime Mrs. Edythe Turner sustained a fall.

(g) Failing to assess Mrs. Edythe Turner's need for Long Term care/ Sub- Acute Care Facility for supervision and safety to avoid multiple falls since admission to Brighton Gardens of Buckhead.

6

(h) Brighton Gardens of Buckhead has an affirmative obligation to discharge a resident whose medical needs exceeded the care that they are allowed to provide in an Assisted Living Facility.

(i) Failing to adequately care for and assist Mrs. Edythe Turner with her activities of daily living in order to avoid open area wounds;

13.

The applicable standard of care required the providers, noted above, to among other things:

(a) Create an appropriate safety and care plan for transporting Mrs. Edythe Turner and other non-ambulatory residents to and from medical appointments and ensure that staff and/or agents transporting said residents are aware of said plan and adequately trained in ensuring that residents cannot be tossed from their wheelchairs while being transported;

(b) Create and implement an appropriate plan for Mrs. Edythe Turner to prevent falls;

(c) Create, train and implement an appropriate plan for insuring that following an injury residents obtain prompt and immediate medical care;

(c) Take reasonable steps and provide adequate supervision to prevent Mrs. Edythe Turner from falling before and after November 14, 2011;

(i) Adequately monitor Mrs. Edythe Turner to prevent unwitnessed falls;

(j) Investigate the cause of her multiple falls including the fall on the van on November 14, 2011.

14.

7

It is my opinion to a reasonable degree of nursing/medical certainty that if the appropriate standard of care had been followed, Mrs. Edythe Turner would not have been injured on the van on November 14, 2011 or suffered injuries due to repeated unwitnessed falls at Brighton Gardens of Buckhead;

15.

It is my opinion to a reasonable degree of nursing/medical certainty that the deviations from the applicable standard of care by the employees or agents of Brighton Gardens of Buckhead, as outlined above, proximately caused injuries to Mrs. Edythe Turner;

16.

This Affidavit is based upon my training, experience, personal and professional knowledge and my review of the aforementioned documents. It is not the purpose of this Affidavit to set forth each and every opinion or to include all criticisms, that I may have now or that I may have in the future, based upon a review of the records and the available information concerning the pertinent issues; however, the purpose of this Affidavit is to comply with O.C.G.A. Section 9-11-9.1 and O.G.G.A. Section 24-9-67.1 for use in filing a Complaint in this action and any and all other purposes allowed by law.

Suzette Cornelio, RN,BSN,WCC

Sworn to and subscribed
before me this _7_ day of
November, 2013

Notary Public

My Commission Expires:

AVALON BEEK
Notary Public of New Jersey
My Comm. Expires May 29, 2017

8

**Suzette G. Cornelio, R.N., B.S.N., WCC**
937 Ramapo Avenue
Pompton Lakes, New Jersey   07442
Ph:  (973) 616 - 9427
Cell: (973) 600-3250

- Seasoned hands on health care professional with 31 years administrative, operational and staff experience.

- Experienced in the delivery of  long-term care as well as short-term rehabilitation services.

- Implemented systems to ensure compliance and participated as liaison with various governmental agencies including JACHO, Department of Health, Department of Justice

- Designed and implemented wound care program including weekly wound rounds with the physician and nurses.

- Instrumental in evaluating purchases to reduce costs while providing needed resident care equipment.

EXPERIENCE:

**Long Term Care**
*The Health Center at Bloomingdale (120 beds) – September 2007- Present*
*Bloomingdale, NJ*
**Director of Nursing**
  ➢ Help upgrade a facility given poor performance by CMS to compliance and continued improvement by providing excellence in caring.
  ➢ Obtained Wound Care Certification
  ➢ Created systems for documentation
  ➢ Revised Falls Program and implemented innovative interventions decreasing falls.
  ➢ Improved Staff Communication by implementing walking rounds between incoming and outgoing shift.
  ➢ Staff education with emphasis on documentation, reporting of any changes to both the physician and the family.
  ➢ Implemented chart review of new admissions and re-admissions with the clinical team.
  ➢ Overhauled Care Planning Process
  ➢ Eliminated Agency Staff usage since December 2007.
  ➢ Deficiency Free on complaints from the State and Ombudsman Visits
  ➢ Developed a new monitoring process for psychoactive/psychotropic drug use.
  ➢ Coordinated new resident assessment and care planning program.

**Long Term Care**
*West Caldwell Care Center (180 beds) - June 2007- September 2007*
*West Caldwell, New Jersey*
**Assistant Director of Nursing- Staff Development**
  > Staff education on the Plan of Correction on all three shifts with 100% compliance
  > Weekly wound rounds with nursing staff to ensure compliance with CMS regulations.
  > Staff education on state regulations and compliance

**Long Term Care**
*The Allendale Nursing Home (120 beds) - March 2007 – May 2007*
*Allendale, New Jersey*
**Director of Nursing**
> > Implemented intensive care planning on all triggers of the Quality Indicators
> > Eliminated agency staff usage.
> > Implemented a new monitoring process for psychoactive medications, Medicare documentation, falls, pressure ulcers, pain, incontinence.
> > Intensive facility wide education to upgrade practices in accordance with the state and Federal regulations.
> > Eliminated the use of a consultant company to reduce company's cost.
> > Upgrade Poor Performance status by CMS from 14 deficiencies to two very minor deficiencies in 7 weeks. The facility 2nd CMS survey.

**Long Term Care**
*The Chateau at Rochelle Park (73 sub-acute beds) - May 31,2006 – March 6,2007*
*Rochelle Park, New Jersey*
**Director of Nursing**
> > Develop a system to ensure appropriate Medicare documentation.
> > Replaced non-qualified nursing staff with experienced sub-acute nurses and C.N.A.'s.
> > Assisted with the opening of the vent and the dialysis unit.
> > No deficiency on complaint visits both by the DOH and the Office of the Ombudsman.
> >Provided education on how to turn Medicare documentation into dollars.

**Long Term Care**
*Cedar Crest Renaissance Gardens 120 beds) - August 2005 – May 30,2006*
*Pompton Plains, New Jersey*
**Quality Care Coordinator**
> > Implemented guidelines and schedule proper documentation on Medicare patients.
> > Unit set up for medical supplies for easy access to the nursing staff.
> > Developed and implemented behavior monitoring process for psychotropic medications.
> > Deficiency free survey October 2005.
> > Assisted with training and implementation of the Electronic Medical Record
> > Implemented innovative ways to reduce falls and fall related injuries.
> > Buckingham Adult Medical Day care Consultant.

**Long Term Care**
*Lakeland Health Care Center (201) November 11,2003 – August 22,2005*
*Haskell, New Jersey*
**Director of Nursing**
> > Developed and implemented facility wide pain palliative program and the importance of pain assessment done every shift.
> > Implemented intensive care planning on falls, pressure ulcer and use of psychoactive meds.
> > Implemented facility wide educational fair program and competencies with the involvement of all disciplines.
> > No deficiency on complaint visits both from the office of the Ombudsman and the Department of Health. Best DOH survey in the history of the facility.
> > Implemented safety policies on smokers and safety committee.
> > Implemented Monthly and Medicare documentation based on the MDS 2.0
> > Implemented 100% usage of anti-pressure mattress and wound care protocol as part of the wound care program.
> > Hired outside provider to manage Medicare part B billing on wounds.

**Long Term Care**
*Kessler Care Center (196) May 2003- October 2003*
*Cedar Grove, New Jersey*
**Director of Nursing**
> ➢ Developed and implemented facility wide pain palliative program.
> ➢ Developed and implemented interdisciplinary wound care program.
> ➢ Decreased monthly agency usage from 50% to 20%.
> ➢ Implemented CQI on Quality Indicators.
> ➢ Implemented importance of having pain assessment done every shift.
> ➢ Developed a new monitoring process for psychoactive medications, falls & pressure ulcer.


**Long Term Care**
*Bergen Regional Medical Center (691 beds) June 2000- March 2003*
*Paramus, New Jersey*
**Associate Director of Nursing**
> ➢ Participated in resource allocation task force, which resulted in the overseas hiring of
>   Philippine nurses with HIB-I visa. Traveled to the Philippines to coordinate the interview
>   hiring process.
> > Developed and implemented facility wide wound care program.
> ➢ Developed and implemented the pain palliative program. facility in anticipation of a
>   Department of Justice returns survey.
> ➢ Developed fall identification / prevention program.
> ➢ Coordinated new resident assessment program. This was the foundation for the best DOH
>   survey the facility ever attained.
> ➢ Consultant under Care Perspective- to help a facility that was given poor performance status
>   by the Department of Health.
> ➢ Developed and implemented a new resident Admission History and Physical and monthly
>   assessment based on the MDS 2.0.
> ➢ Promotes staff education by schedule a seminar in the facility with CEU's afforded to the
>   staff.
> ➢ Coordinated and effort including facility wide policy and procedure to upgrade the present
>   nursing practices in accordance with the federal and state regulations.


**Long Term Care**
*Kessler Care Center at Great Falls (180 beds) 1997- 2000*
*Paterson, New Jersey*
**Assistant Director of Nursing**
> ➢ Help upgrade a facility given poor performance status by state Department of Health and
>   HCFA. Received "O" nursing deficiencies within six months and an annual deficiency-free
>   survey for June 2000.
> ➢ Developed recruitment and retention committee to assure a stable nursing staff with high
>   morale.
> ➢ Decreased agency staff dependence from 60% agency staff to zero agency within 6 months.
> ➢ Represented management and negotiated with the CNA union.
> ➢ Supervised implementation of PPS program institution wide.

**Long Term Care**
*Llanfair Nursing Home and Rehabilitation Center (180 beds)*          1993-2000
Wayne, New Jersey
**Evening Supervisor**
  ➤ Directly supervised 20 employees including scheduling, performance appraisals and union grievances
  ➤ Wound consultant Lakeview Sub-Acute and Rehab Center.

**Long Term Care**
*Oakland Care Center (240 beds)*                                       1990-1996
Oakland, New Jersey
**Charge Nurse**
**Day Shift Supervisor**

**ACUTE CARE EXPERIENCE**                                             1987 – Nov.1989

*Raritan Bay Medical Center*
*Perth Amboy, New Jersey*
**Charge Nurse** -Medical Surgical Unit
  ➤ Responsible for the care of 32 patients in a medical surgical unit with complex diagnosis.
Al- Mowasat Hospital                                                  1984- 1986
Salmiah, Kuwait
**Staff Nurse**
  ➤ Responsibilities included ENT, Medical- Surgical, OB-Gyn and emergency Room.
Riverside Medical Center                                              1982- 1984
Bacolod City, Philippines
**Staff Nurse**
  ➤ Labor and Delivery
**EDUCATION**
Riverside College                                                    1980 - 1982
Bacolod City, Philippines
**Bachelors of Science in Nursing**
Corazon Locsin Montelibano Memorial Hospital                         1978 - 1980
School Of Nursing-Bacolod City Philippines


**License:**
**New Jersey- Registered Professional Nurse**
**Wound Care Certified since 2007**

**Member:**
**New Jersey National Director of Nursing Association**

# EXHIBIT B

**Mills, Daniel N.**

| | |
|---|---|
| **From:** | Bill Holbert <bholbert@SPMHlaw.com> |
| **Sent:** | Thursday, December 05, 2013 4:27 PM |
| **To:** | Windsor Lanzone |
| **Subject:** | RE: Turner v. Prime Care One, LLC, et al  -  State Court of Fulton Co., GA  -  Potential Defendants To Be Eliminated |
| **Attachments:** | Turner Edythe Sundance med recs and billing 12-5-13.pdf |

| | |
|---|---|
| **Follow Up Flag:** | FollowUp |
| **Flag Status:** | Flagged |

Windsor pursuant to our last conversation, I have attached a Stipulation extending the time to file Answers, and Consent to Dismiss Less Than All Parties.  We will need to adjust the signature lines when you decide who will sign.

Additionally, I have attached the bills and records for Mrs. Turner's therapy.  I believe these to be the only records you were lacking.  Please call when you wish to discuss the claim further.

William F. Holbert
**SLOVER, PRIETO, MARIGLIANO & HOLBERT, LLC**
Two Ravinia Drive
Suite 1330
Atlanta, GA  30346
404-856-0040 (main)
404-856-0024 (direct)
1-855-329-7144 (toll free)

404-856-0066 (fax)
bholbert@spmhlaw.com
www.spmhlaw.com
www.eldercareabuselawyer.com

Circular 230 Notice: Please note that any tax advice given herein (and in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding tax penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This e-mail message and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this e-mail message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone at (404) 856-0040 or e-mail and destroy the original message without making a copy. Slover, Prieto, Marigliano & Holbert, LLC makes no warranties and is not responsible for any loss or damage arising from the use of this electronic message or any attachments.

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

EDYTHE TURNER, )
)
    PLAINTIFF, )
)   CIVIL ACTION
VS. )
)   File No.: 13EV018614C
PRIME CARE ONE, LLC; )
SUNRISE SENIOR LIVING SERVICES, )
INC. D/B/A BRIGHTON GARDENS OF )
BUCKHEAD; SUNRISE ASSISTED )
LIVING MANAGEMENT, INC. D/B/A )
BRIGHTON GARDENS OF )
BUCKHEAD; SUNRISE ASSISTED )
LIVING LIMITED PARTNERSHIP D/B/A )
BRIGHTON GARDENS OF BUCKHEAD; )
SUNRISE SENIOR LIVING )
MANAGEMENT, INC. D/B/A BRIGHTON )
GARDENS OF BUCKHEAD; SUNRISE )
SENIOR LIVING, INC.; SUNRISE )
SENIOR LIVING INVESTMENTS, INC.; )
AND SUNRISE ASSISTED LIVING, INC. )
)
    DEFENDANTS, )

## CONSENT MOTION TO DISMISS DEFENDANTS SUNRISE ASSISTED LIVING MANAGEMENT, INC. D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE ASSISTED LIVING LIMITED PARTNERSHIP D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE SENIOR LIVING MANAGEMENT, INC. D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE SENIOR LIVING, INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., AND SUNRISE ASSISTED LIVING, INC.

COMES NOW, Edythe Turner, Plaintiff in the above-styled action, and, with the consent

of all other parties to this case, respectfully moves this Court to issue an order approving the

Dismissal Without Prejudice of Defendants *SUNRISE ASSISTED LIVING MANAGEMENT,*

*INC. D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE ASSISTED LIVING LIMITED*

*PARTNERSHIP D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE SENIOR LIVING*

*MANAGEMENT, INC. D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE SENIOR*

*LIVING, INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., AND SUNRISE ASSISTED LIVING, INC.* from this action and shows the Court as follows:

1.

Plaintiff has agreed to dismiss this action without prejudice as to Defendants *SUNRISE ASSISTED LIVING MANAGEMENT, INC. D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE ASSISTED LIVING LIMITED PARTNERSHIP D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE SENIOR LIVING MANAGEMENT, INC. D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE SENIOR LIVING, INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., AND SUNRISE ASSISTED LIVING, INC.*

2.

O.C.G.A. § 9-11-21 and cases construing that code section, however, require leave of Court before a dismissal of less than all defendants becomes effective.

3.

As reflected in both this motion and by the proposed order presented contemporaneously herewith, counsel for all parties have consented to the Dismissal Without Prejudice of Defendants *SUNRISE ASSISTED LIVING MANAGEMENT, INC. D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE ASSISTED LIVING LIMITED PARTNERSHIP D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE SENIOR LIVING MANAGEMENT, INC. D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE SENIOR LIVING, INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., AND SUNRISE ASSISTED LIVING, INC.*

4.

The parties have further stipulated that should the evidence support claims against any of the herein dismissed Defendants that Plaintiff shall be allowed to pursue said claims by joining

Defendants to the above-styled cause of action without regard to any statutes of limitations, statutes of repose or renewal statutes and that all such time limitations will be tolled as to the herein dismissed Defendants.

WHEREFORE, it is respectfully requested that the Court issue an order allowing the Dismissal Without Prejudice of Defendants *SUNRISE ASSISTED LIVING MANAGEMENT, INC. D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE ASSISTED LIVING LIMITED PARTNERSHIP D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE SENIOR LIVING MANAGEMENT, INC. D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE SENIOR LIVING, INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., AND SUNRISE ASSISTED LIVING, INC.*, and allowing them to be deleted as parties to this action. Said action is to remain pending as to all remaining defendants and all statutes of limitations, statutes of repose and renewal statutes shall be tolled as to the herein dismissed Defendants.

Respectfully submitted this _____ day of December, 2013.

Respectfully submitted,

_____
William F. Holbert
Georgia Bar No.: 360088
*Attorney for Plaintiff*

**SLOVER, PRIETO, MARIGLIANO
& HOLBERT, LLC**
Two Ravinia Drive
Suite 1330
Atlanta, Georgia 30346
404-856-0040

**CONSENTED TO BY**:

_____

Attorney for Defendants

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

EDYTHE TURNER,               )
                                    )
     PLAINTIFF,           )
                                    )     CIVIL ACTION
VS.                       )
                                    )     File No.: 13EV018614C
PRIME CARE ONE, LLC;        )
SUNRISE SENIOR LIVING SERVICES,   )
INC. D/B/A BRIGHTON GARDENS OF   )
BUCKHEAD; SUNRISE ASSISTED     )
LIVING MANAGEMENT, INC. D/B/A    )
BRIGHTON GARDENS OF         )
BUCKHEAD; SUNRISE ASSISTED     )
LIVING LIMITED PARTNERSHIP D/B/A  )
BRIGHTON GARDENS OF BUCKHEAD;  )
SUNRISE SENIOR LIVING         )
MANAGEMENT, INC. D/B/A BRIGHTON  )
GARDENS OF BUCKHEAD; SUNRISE   )
SENIOR LIVING, INC.; SUNRISE     )
SENIOR LIVING INVESTMENTS, INC.;   )
AND SUNRISE ASSISTED LIVING, INC.  )
                                    )
     DEFENDANTS,        )

## CONSENT ORDER ALLOWING DISMISSAL OF DEFENDANTS SUNRISE ASSISTED LIVING MANAGEMENT, INC. D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE ASSISTED LIVING LIMITED PARTNERSHIP D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE SENIOR LIVING MANAGEMENT, INC. D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE SENIOR LIVING, INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., AND SUNRISE ASSISTED LIVING, INC.

It appearing that Plaintiff has moved this Court for an order allowing plaintiff to dismiss

Defendants *SUNRISE ASSISTED LIVING MANAGEMENT, INC. D/B/A BRIGHTON GARDENS*

*OF BUCKHEAD, SUNRISE ASSISTED LIVING LIMITED PARTNERSHIP D/B/A BRIGHTON*

*GARDENS OF BUCKHEAD, SUNRISE SENIOR LIVING MANAGEMENT, INC. D/B/A*

*BRIGHTON GARDENS OF BUCKHEAD, SUNRISE SENIOR LIVING, INC., SUNRISE SENIOR*

*LIVING INVESTMENTS, INC., AND SUNRISE ASSISTED LIVING, INC.* without prejudice as

defendants in this case, that counsel for all parties have consented, and that said dismissal

requires the exercise of discretion by this Court, upon this Court's consideration of the matter, it is hereby **ORDERED** that *SUNRISE ASSISTED LIVING MANAGEMENT, INC. D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE ASSISTED LIVING LIMITED PARTNERSHIP D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE SENIOR LIVING MANAGEMENT, INC. D/B/A BRIGHTON GARDENS OF BUCKHEAD, SUNRISE SENIOR LIVING, INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., AND SUNRISE ASSISTED LIVING, INC.* be dropped and deleted as a party defendant to this action and that said case by dismissed without prejudice as to said Defendants, the case to remain pending against the other named Defendants.

It is **FURTHER ORDERED** that should the evidence support claims against any of the herein dismissed Defendants the Plaintiff shall be allowed to pursue said claims by joining Defendants to the above-styled cause of action without regard to any statutes of limitations, statutes of repose or renewal statutes and that all such time limitations will be tolled as to the herein dismissed Defendants.

This _____ day of _____, 2013.


_____
Judge, State Court of Fulton County

**PREPARED AND SUBMITTED BY:**

_____          _____
William F. Holbert
Georgia Bar No.: 380066                           Georgia Bar No. 622010
*Attorney for Plaintiff*                                  *Attorney for Defendants*
**SLOVER, PRIETO, MARIGLIANO
& HOLBERT, LLC**
Two Ravinia Drive
Suite 1330
Atlanta, Georgia 30346

# EXHIBIT C

 

Home

**SUNRISE ASSISTED LIVING INCORPORATED** Control Number: 07085841

Main      Reports      Officers      Filing History

**Entity Info**

**Entity Id**      2434009

**Key Indicators**

**Model Type**      Corporation
**Locale**           Domestic
**Qualifier**        For-Profit

**Business Name**       SUNRISE ASSISTED LIVING INCORPORATED
**Registration Date**   10/16/2007
**Entity Status**       Admin. Dissolved
**Entity Status Date**  9/15/2010
**Foreign Name**
**Date of Organization**
**State**               Georgia
**Country**

**Principal Office Address**

PRINCIPAL
**Line1**      3658 Mecklinburg Pl
**Line2**

**City**   Decatur   **State**   Georgia   **Zip**   30032

**Agent**

**Is non-commercial Registered Agent?**      Yes
**Name**

**Address**

**Line1**
**Line2**

**City**      **State**      **Zip**

**Email**

**Previous Names**

| Name Changed From | Name Changed To | Surviving Entity Id | Cancelled Entity Id | Effective Date | Due Date | File Number | Actions |
|---|---|---|---|---|---|---|---|

No Miscellaneous Filings were found.

15 ⌄

Return to Home